IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STONE INTERIORS, INC. d/b/a PRP USA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 07 CV 6244 |
| VALENCIA STONE, LLC and UNITED TILE AND STONE, INC., d/b/a TILE WORLD OF ITALY, | ) ) ) ) | Judge Virginia M. Kendall Magistrate: Michael T. Mason |
| Defendants. | ) ) | |

## ANSWER TO COMPLAINT

NOW COME the Defendants, VALENCIA STONE, LLC and UNITED TILE AND STONE, INC., d/b/a TILE WORLD OF ITALY ("Defendants"), by and through its attorneys, NEIL E. HOLMEN and MARK SCHMIDT of WALKER WILCOX MATOUSEK LLP, and hereby answer the Complaint of Plaintiff STONE INTERIORS, INC. d/b/a PRP USA. In response to the allegations contained in the Complaint, Defendants state as follows:

### OVERVIEW

1. Stone Interior seeks to recover a money judgment in the amount of $106,153.93, plus interest, and to recover all costs incurred in this action, pursuant to an Agreement entered into between Stone Interiors, Valencia and United in September 2006.

**ANSWER:** Defendants admit that paragraph 1 correctly states what Plaintiff is seeking in this case.

### PARTIES JURISDICTION AND VENUE

2. Stone Interiors is an Illinois corporation with its principal place of business located at 1207 Candlewood Court in Aurora, Illinois. Stone Interiors is in the business of supplying marble and granite products to various customers. All actions taken by Stone Interiors with respect to its business originate out of its headquarters in Aurora, Illinois.

  **ANSWER:** Defendants deny the allegations of paragraph 2.

  3. Based upon information and belief, Valencia is a limited liability company registered in Florida with its principal place of business located at 2332 17th Street in Sarasota, Florida. Also based upon information and belief, the two members of Valencia, Mario Plazza and Juan Gomez, are residents of the state of Florida.

  **ANSWER:** Defendants deny the allegations of paragraph 3.

  4. Based upon information and belief, United is a Florida corporation with its principal place of business located at 5502 Anderson Road, Tampa, Florida.

  **ANSWER:** Defendants admit the allegations of paragraph 4.

  5. In September 2006, Stone Interiors entered into negotiations with Valencia and United from its offices in Aurora, Illinois about supplying marble and granite slabs to Valencia and United.

  **ANSWER:** Defendants deny the allegations of paragraph 5.

  6. The parties subsequently entered into an Agreement whereby Stone Interiors agreed by supply, and Valencia and United agreed to pay for, marble and granite slabs to Valencia and United.

  **ANSWER:** Defendants deny the allegations of paragraph 6.

  7. Stone Interiors entered into this Agreement from its offices in Aurora, Illinois.

  **ANSWER:** Defendants deny the allegations of paragraph 7.

  8. Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.00.

  **ANSWER:** Defendants deny the allegations of paragraph 8.

  9. Venue is also proper in this district under 28 U.S.C. § 1391(a) because Stone Interiors' principal place of business is here, Valencia and United conduct business here, and a substantial portion of the transactions at issue took place here.

  **ANSWER:** Defendants deny the allegations of paragraph 9.

## COUNT I – BREACH OF CONTRACT
### The Original Agreement

10. In September 2006, Stone Interiors entered into an Agreement (the "Agreement") with Valencia and United (both doing business as Tile World) whereby Valencia and United would purchase, and Stone Interiors would deliver, marble and granite slabs from Stone Interiors. The terms of the Agreement are found in the invoices sent by Stone Interiors to United and Valencia between September 18 and September 25, 2006. (Copies of these invoices are attached as Exhibits A-F).

**ANSWER:** Defendants deny the allegations of paragraph 10.

11. Pursuant to the Agreement, Valencia and United ordered marble and granite slabs from Stone Interiors in September 2006.

**ANSWER:** Defendants deny the allegations of paragraph 11.

12. Stone Interiors shipped the marble and granite slabs ordered by Valencia and United to Valencia and United in September, along with the invoices that identified the material, quantity, price and total amount of United and Valencia's order.

**ANSWER:** Defendants deny the allegations of paragraph 12.

13. The invoices that accompanied the marble and granite slabs stated that payment for the marble and granite slabs was due within 90 days of the bill of lading.

**ANSWER:** Defendants admit the allegations of paragraph 13.

14. Thus, under the express terms of the Agreement, United and Valencia agreed to pay for all materials provided by Stone Interiors within 90 days of the bill of lading.

**ANSWER:** Defendants deny the allegations of paragraph 14.

15. The parties further agreed that Valencia and United would be charged interest at the rate of 12 percent per annum for any invoice that was not paid within 90 days of the bill of lading.

**ANSWER:** Defendants deny the allegations of paragraph 15.

16. Finally, United and Valencia agreed to be responsible for all costs incurred by Stone Interiors in the event that Stone Interiors had to take any action to recover the amounts United and Valencia owed Stone Interiors under the Agreement.

**ANSWER:** Defendants deny the allegations of paragraph 16.

17. Pursuant to the Agreement, on September 16, 2006, Stone Interiors issued materials and two invoices to United and Valencia (Invoice Nos. 1345 and 1346). The bill of lading date for both invoices was September 18, 2006. The invoice amounts were $19,800.37 and $23,264.18. (Copies of the September 16, 2006 invoices are attached as Exhibits A and B).

**ANSWER:** Defendants deny the allegations of paragraph 17.

18. Pursuant to the Agreement, on September 19, 2006, Stone Interiors issued materials and an invoice to Valencia and United (Invoice No. 1355). The bill of lading date was September 20, 2006. The invoice amount was $19,800.37. (A copy of the September 19, 2006 invoice is attached as Exhibit C).

**ANSWER:** Defendants deny the allegations of paragraph 18.

19. Pursuant to the Agreement, on September 19, 2006, Stone Interiors issued materials and an invoice to United and Valencia (Invoice Nos. 1360 and 1361). The bill of lading date for both invoices was September 22, 2006. The invoice amounts were $17,569.23 and $20,385.39. (Copies of the September 19, 2006 invoices are attached as Exhibits D and E).

**ANSWER:** Defendants deny the allegations of paragraph 19.

20. Pursuant to the Agreement, on September 28, 2006, Stone Interiors issued materials and an invoice to United and Valencia (Invoice No. 35). The bill of lading date was September 25, 2006. The invoice amount was $11,724.89. (A copy of the September 18, 2006 invoice is attached as Exhibit F).

**ANSWER:** Defendants deny the allegations of paragraph 20.

21. Thus, in accordance with the Agreement, Stone Interiors provided United and Valencia with $110,771.44 worth of marble and granite in September 2006 and payment for the marble and granite was due no later than December 25, 2006.

**ANSWER:** Defendants deny the allegations of paragraph 21.

22. United and Valencia, however, only paid $18,000.000 for the materials supplied by Stone Interiors and, as such, failed to pay the remaining $92,771.44 they owed Stone Interiors under the Agreement.

**ANSWER:** Defendants deny the allegations of paragraph 22.

23. Additionally, pursuant to the Agreement, interest at the rate of 12 percent per annum is to be applied to all sums that are overdue on each invoice.

**ANSWER:** Defendants deny the allegations of paragraph 23.

**United and Valencia's First False Attempt to Compensate Stone Interiors**

24. Stone Interiors contacted United and Valencia after December 25, 2006 about United and Valencia's failure to pay the remaining $92,771.44 they owe Stone Interiors under the Agreement.

**ANSWER:** Defendants deny the allegations of paragraph 24.

25. Stone Interiors spoke with Mario Plazza, a member of Valencia and President of United, about United and Valencia's failure to pay Stone Interiors the amount they owe Stone Interiors under the Agreement.

**ANSWER:** Defendants deny the allegations of paragraph 25.

26. On January 2, 2007, Mario Plazza on behalf of United and Valencia, offered to make payments of $15,000 per month from January 2007 through July 8, 2007, and a final payment of $5,571.44 on July 29, 2007, in order for United and Valencia to comply with the duties and obligations they owed Stone Interiors under the Agreement.

**ANSWER:** Defendants deny the allegations of paragraph 26.

27. Stone Interiors accepted United and Valencia's offer.

**ANSWER:** Defendants deny that there was any such offer to accept.

28. However, United and Valencia once again failed to live up to their duties and obligations.

**ANSWER:** Defendants deny the allegations of paragraph 28.

29. Specifically, neither United nor Valencia made monthly payments of $15,000.00 from January 2007 through July 2007. In fact, United and Valencia failed to make a single payment to Stone Interiors between January 2007 and July 2007.

**ANSWER:** Defendants deny the allegations of paragraph 29.

**United and Valencia's Second Attempt to Compensate Stone Interiors**

30. Stone Interiors once again contacted Mario Plazza regarding Valencia and United's failure to live up to the duties and obligations they agreed to under the Agreement.

**ANSWER:** Defendants deny the allegations of paragraph 30.

31. On August 20, 2007, Mario Plazza, on behalf of United and Valencia, offered to pay $6,000 a month until the total amount owed under the Agreement ($106,064.01) was paid in full.

**ANSWER:**   Defendants deny the allegations of paragraph 31.

32.   Stone Interiors accepted Valencia and United's offer and the parties subsequently entered into an Agreement whereby Valencia and United would pay $6,000 a month until the total amount owed under the Agreement ($106,064.01) was paid in full.

**ANSWER:**   Defendants deny that there was any offer to accept.

33.   Once again, United and Valencia failed to live up to their duties and obligations.

**ANSWER:**   Defendants deny the allegations of paragraph 33.

34.   Specifically, United and Valencia only made one payment in the amount of $3,000 towards the $106,064.01 they owe Stone Interiors under the Agreement. Accordingly, United and Valencia still owe $103,064.01 under the Agreement.

**ANSWER:**   Defendants deny the allegations of paragraph 34.

35.   Additionally, pursuant to the Agreement, interest at the rate of 12% per annum is to be applied to all sums that overdue on each invoice.

**ANSWER:**   Defendants deny the allegations of paragraph 35.

36.   As of this date, interest in the amount of $3,091.02 is owed under the Agreement.

**ANSWER:**   Defendants deny the allegations of paragraph 36.

37.   Accordingly, United and Valencia currently owe Stone Interiors $106,155.93.

**ANSWER:**   Defendants deny the allegations of paragraph 37.

38.   Stone Interiors has fully performed all of the duties and obligations it owed under the Agreement.

**ANSWER:**   Defendants deny the allegations of paragraph 38.

39.   United and Valencia, however, have failed to perform all of the duties and obligations they owe under the Agreement.

**ANSWER:**   Defendants deny the allegations of paragraph 39.

40. United and Valencia have breached, and continue to breach, the Agreement by failing to pay Stone Interiors for all of the material Stone Interiors provided Valencia and United in September 2006.

**ANSWER:**   Defendants deny the allegations of paragraph 40.

41. Accordingly, Stone Interiors is entitled to recover damages equal to the full amount due under the invoices ($103,064.01), plus interest at the applicable interest rate ($3,091.92), from United and Valencia.

**ANSWER:**   Defendants deny the allegations of paragraph 41.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and that they be awarded their costs sustained herein.

Respectfully submitted,

VALENCIA STONE, LLC and UNITED TILE AND STONE, INC., d/b/a TILE WORLD OF ITALY

By:   /s/ Neil E. Holmen
One of Their Attorneys

Neil E. Holmen
Mark Schmidt
WALKER WILCOX MATOUSEK LLP
225 West Washington Street
Suite 2400
Chicago, IL 60606
Phone: 312 244-6700
Fax: 312-244-6800

{File: 00050665.DOC /}

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Answer To Complaint** was served upon the following counsel of record on January 18, 2008, through the court's electronic filing system:

J. Scott Humphrey     shumphrey@seyfarth.com


/s/ Neil E. Holmen